IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-94-FL
No. 5:16-CV-373-FL

| | | |
|---|---|---|
| TYRONE DEVON UTLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 51), wherein he asserts a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). The government has responded to petitioner's motion to vacate, conceding that petitioner should be resentenced in light of Johnson, and United States v. Gardner, 823 F.3d 793 (4th Cir. 2016). (DE 55). For the following reasons, the court grants the motion.

**COURT'S DISCUSSION**

Petitioner pleaded guilty and was convicted of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Based on petitioner's prior convictions under North Carolina law including one for common law robbery, the court sentenced petitioner to a 124 month term of imprisonment, pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). That sentence was in excess of the 120 month statutory maximum sentence typical of § 922(g) convictions. See 18 U.S.C. § 924(a).

Petitioner's prior conviction for common law robbery no longer is a "violent felony" in light of Johnson, United States v. Welch, 136 S. Ct. 1257 (2016), which held Johnson to be retroactive on collateral review, and Gardner. See 18 U.S.C. § 924(e)(2)(B). Accordingly, as the government concedes, petitioner lacks the requisite three predicate felony convictions to qualify as an "armed career criminal" under the ACCA and must be resentenced. See id. § 924(e)(1).

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate (DE 51). The clerk is DIRECTED to schedule petitioner for resentencing during the next available term of court. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

SO ORDERED, this the 26th day of January, 2017.

LOUISE W. FLANAGAN
United States District Judge